**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DORCAS WANGARI MURITHIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-74924

Agency No. A046-443-400

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2010
San Francisco, California

Before:  BRIGHT,[**]  HAWKINS, and M. SMITH, Circuit Judges.

Dorcas Wangari Murithia, a citizen of Kenya, petitions for review of the

Board of Immigration Appeals' (BIA) denial of her application for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  The sole issue before us is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

whether the likelihood that Murithia may be forced to undergo female genital mutilation (FGM) in Kenya entitles her to remain in this country.[1]  After reviewing the factual findings for substantial evidence, *see Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), we deny the petition for review.

In 2000, Murithia petitioned for asylum and withholding of removal, asserting a well-founded fear of being forced to undergo FGM if returned to Kenya.  *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13.  The BIA concluded Murithia had not established a well-founded fear she would be forced to undergo FGM because (1) Murithia's twin sister had remained in Kenya and had not been forced to undergo the procedure; (2) the 2003 Country Report stated that the Kenyan government had outlawed the forced practice of FGM on women; (3) the 2003 Country Report stated that FGM is usually performed on young girls between three and thirteen years of age; and (4) Murithia, who was 27 years of age, was not of an age in which FGM was usually performed.  The evidence supports the BIA's conclusions, and Murithia has not established that a reasonable fact finder would

---

[1]  Murithia also initially petitioned for asylum and withholding of removal on the ground that she had demonstrated a well-founded fear of persecution on account of her political opinion.  However, at oral argument, Murithia informed the court that she no longer sought review of her political opinion claim.

be compelled to reach a different result, *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Murithia also claims that substantial evidence does not support the denial of CAT protection. But, substantial evidence supports the BIA's conclusion that Murithia has not shown it is more likely than not that she would be tortured at the instigation or with the consent or acquiescence of a Kenyan public official. *See* 8 C.F.R. § 1208.18(a)(1).

Although we deny the petition for review, we express concern that there appears to have been an increase in violence in Kenya following the 2007 elections against Murithia's ethnic and political groups, *see* U.N. High Comm'r for Human Rights, *Report from OHCHR Fact-finding Mission to Kenya, 6-28 February 2008*, 5, 7-10 (2008) (describing attacks targeting Kikuyus), which may constitute a basis for asking the BIA to reopen her case based on changed country conditions, *see* U.N. Office for the Coordination of Humanitarian Affairs, Consol. Appeals Process, *2010 Kenya Emergency Humanitarian Response Plan*, 1 (Nov. 30, 2009) (noting possibility of violence leading up to 2012 elections). However, any relief Murithia may wish to seek on the basis of post-2004 changed circumstances must be requested from the BIA in the first instance. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DENIED**.